IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JENNIFER WADIAK GALATRO, | ) | CV. NO. 04-00471 DAE-KSC |
| Personally and as Personal | ) | |
| Representative of the Estate of | ) | |
| EDWARD JAMES WADIAK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BELL HELICOPTER TEXTRON, | ) | |
| INC., a Delaware corporation; | ) | |
| ROLLS ROYCE CORPORATION, | ) | |
| an international corporation; JACK | ) | |
| HARTER, an individual; JACK | ) | |
| HARTER HELICOPTER, INC., | ) | |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS THE
ACTION WITHOUT PREJUDICE

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing the instant motion and the

supporting memoranda, the Court GRANTS Plaintiffs' Motion for Dismissal of the

Action without Prejudice.

BACKGROUND

On July 30, 2004, Jennifer Wadiak Galatro, Personally and as Personal Representative of the Estate of Edward James Wadiak ("Plaintiff") filed a complaint for damages in United States District Court. Defendant Rolls Royce Corporation filed its answer on September 27, 2004. Defendant Jack Harter and Jack Harter Helicopter, Inc., filed their answer on September 28, 2004. Defendant Bell Helicopter Textron, Inc., filed its answer on October 8, 2004. On November 9, 2005, Plaintiff filed the instant Motion to Dismiss the Action Without Prejudice (the "Motion") pursuant to Federal Rule of Civil Procedure 41(a)(2). Plaintiff amended the Motion on November 14, 2005.

DISCUSSION

The Court finds good cause to dismiss plaintiff's action without prejudice. As plaintiff explains:

> (1) this exact action is pending in the Circuit Court of the Fifth Circuit in the State of Hawaii, and by stipulation it has been consolidated with [an] action filed earlier by the parents of the decedent herein; (2) Defendants have filed no motions herein; (3) no party has initiated any discovery request or demand herein, and discovery was stayed by the Court pursuant to a stipulation by all parties and court order for a period "not to exceed one year" from March 21, 2005; (4) no proceedings except status conferences have been held; (5) no evidence has been heard by the Court; (6) no

trial date is currently set; (7) no protective orders have been sought yet; (8) the state court in Lihue is the only place that a trial that is dispositive of the entire matter can realistically occur since that is the only location where all parties are together in the same Court, and (9) defendants will suffer no prejudice if the motion is granted.

Federal Rule of Civil Procedure 41(a)(2) states in pertinent part "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper . . . . [u]nless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Fed. R. Civ. P. 41(a)(2). As Plaintiff correctly observes, none of the Defendants have filed an opposition to the Motion. Further, on November 22, 2005, Defendants Jack Harter and Jack Harter Helicopter, Inc., filed a motion with this Court stating unambiguously that they had no objection to the dismissal of Plaintiff's action without prejudice. Because this case is currently pending in state court and none of the Defendants have filed an opposition to Plaintiff's Motion, the Court finds no indication that Defendants will suffer prejudice from dismissal of the action. Therefore, the Court GRANTS Plaintiff's Motion for Dismissal of the Action without Prejudice.

<u>CONCLUSION</u>

For the reasons stated above, the Court GRANTS Plaintiff's Motion for Dismissal of the Action without Prejudice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 20, 2006.



_____
David Alan Ezra
United States District Judge

<u>Jennifer Wadiak Galatro v. Bell Helicopter Textron, Inc., et al.</u>, CV. NO. 04-00471 DAE-KSC; ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS THE ACTION WITHOUT PREJUDICE

4